UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BORIS GUDKOVICH, | |
| Plaintiff, | No. 17 C 8714 |
| v. | Judge Thomas M. Durkin |
| CITY OF CHICAGO, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Boris Gudkovich alleges that the City of Chicago denied him a special parking permit in violation of federal law.[1] The City has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 94. The motion is denied in part and granted in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed

---

[1] Gudkovich filed his case pro se, but the Court eventually recruited counsel to represent him.

factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

City residents with disabilities can apply to the Department of Finance for a dedicated street parking space near their residence. Once the Department of Finance approves the application, the relevant alderman has discretion over whether to seek the necessary City Council approval. *See* Municipal Code of Chicago § 9-64-050(c) ("[A]ll restricted parking spaces created pursuant to this section shall require approval by a vote of the city council to be effective. Upon receiving an initial application, the alderman of the ward in which the restricted parking space will be located *may* introduce an ordinance proposing approval of the creation of a restricted parking space.") (emphasis added) (available at http://library.amlegal.com/library/). The City Council must then pass an ordinance granting the parking permit for the application to be finally approved.

2

Gudkovich was granted such a space at his former residence. When he moved, he applied for a space near his new (now current) residence. His request was denied because there were already several dedicated spaces on the block.

An applicant can request review of a Department of Finance rejection with the Mayor's Office for People with Disabilities. Gudkovich requested such review, and the rejection was affirmed.

Gudkovich sought assistance with this process from his Alderman. He alleges that the Alderman's staff were "frustrated and angered" by his request. R. 93 ¶ 19.

Later, another resident on Gudkovich's block had a dedicated parking space approved. Gudkovich complained to the Alderman's office that this was contrary to the Department of Finance's earlier assertion that there were already too many dedicated spaces on the block. Gudkovich alleges that that the "Alderman's office refused to address his concerns or provide any information." R. 93 ¶ 22.

The Department of Finance eventually approved a dedicated space for Gudkovich. However, the City Council never passed an ordinance granting the permit.

Gudkovich claims that he was denied a dedicated space because of the Alderman's "vindictive motive," R. 93 ¶ 30, and that "there is no rational basis" for the rejection, *id.* ¶ 33. Gudkovich claims that this constitutes a violation of the following rights and statutes: (1) the Equal Protection Clause; (2) the First Amendment; (3) the Due Process Clause; (3) the Americans with Disabilities Act; and (5) the Rehabilitation Act.

**Analysis**

## I.   Equal Protection

Gudkovich alleges what is known as a "class-of-one" Equal Protection claim. A "successful equal protection claim[] brought by a 'class of one,' . . . alleges that [the plaintiff] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019). "The classic class-of-one claim is illustrated when a public official, with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen." *Id.*

The problem with Gudkovich's claim is that he alleges it was the Alderman and his staff that acted vindictively towards him. The Alderman is absolutely immune for his legislative decisions. *See Biblia Abierta v. Banks*, 129 F.3d 899, 903 (7th Cir. 1997). And the Alderman's motives are not attributable to the City. *See Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 764 (7th Cir. 2003).

For Gudkovich to have stated a claim, he needed to allege that the Department of Finance or City Council acted with improper motive. He didn't make that allegation. Gudkovich argues that there is no conceivable reason for the Department's rejection because a space was approved for another person. But it is conceivable that the other person had disabilities more severe than Gudkovich and the Department determined there was not sufficient space on Gudkovich's block. Moreover, the Department of Finance eventually approved a space for Gudkovich. The City Council

never granted final approval. That decision is within the Council's discretion, and Gudkovich makes no allegation regarding the motive of Council as a whole. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Again, the Alderman's alleged motives cannot be imputed to the Council as a whole.

Therefore, Gudkovich's Equal Protection claim is dismissed.

## II.    First Amendment

The only potentially retaliatory conduct Gudkovich alleges is the Alderman's decision not to support Gudkovich's application after an allegedly bad personal interaction. But as discussed, the Alderman's legislative decisions are immune from suit. Thus, Alderman's absolute immunity requires dismissal Gukovich's First Amendment retaliation claim as well.

## III.    Due Process

A Due Process claim requires an allegation of a property or liberty interest. Gudkovich does not argue that he has a property interest in a dedicated parking space. *See* R. 100 at 11. Nor could he, as provision of such a space is conferred at the discretion of the Department of Finance, the Alderman, and the City Council. Gudkovich has no entitlement to such a space, as is required to establish a property right protected by the Due Process clause. *See Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010) ("To claim a property interest protected by the Fourteenth Amendment, a person . . . must have more than a unilateral expectation of [the claimed interest]. He must, instead, have a legitimate claim of entitlement to it.").

Gudkovich argues that denial of the permit burdens his fundamental right to travel in that he is "unable to travel because of the difficulty in parking, which impacts his quality of life given the severe difficulties associated with parking." R. 100 at 11. But even if denial of the permit could be construed as denying Gudkovich the ability to drive—which the Court doubts—the Seventh Circuit has held that denial of "a single mode of transportation . . . does not impermissibly burden [the] right to travel." *Matthew v. Honish*, 233 Fed. App'x 563, 564 (7th Cir. 2007).

Therefore, Gudkovich's Due Process claim is dismissed.

## IV. American with Disabilities Act & Rehabilitation Act

To state a claim under Title II of the ADA and the Rehabilitation Act,[2] a plaintiff must allege that: (1) he is disabled; (2) he is qualified for the benefits he sought; and (3) he was denied those benefits or otherwise discriminated against on account of his disability; and (4) the defendant is a public entity. 42 U.S.C. § 12132; *see Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). To satisfy the third element, Gudkovich must allege either: "(1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people." *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006).

The City argues that Gudkovich has not alleged that "he was denied a disabled parking permit because of his disabilities," because he does not allege that he

---

[2] The Rehabilitation Act is "functionally identical" to Title II of the ADA. *See P.F. by A.F. v. Taylor*, 914 F.3d 467, 471 (7th Cir. 2019).

"requested and/or was denied a reasonable modification." R. 94-1 at 13. This argument, however, assumes that the special parking permit is the benefit at issue. That is the incorrect perspective. The benefit at issue is public street parking generally. Gudkovich alleges that he cannot meaningfully access the benefit of public street parking if it is too far from his residence. Other district courts have agreed with this perspective in denying motions to dismiss similar claims. *See Bassilios v. City of Torrence*, 166 F. Supp. 3d 1061 (C.D. Cal. 2015); *Meekins v. City of New York*, 524 F. Supp. 2d 402 (S.D.N.Y. 2007).

Gudkovich sought the accommodation of a special permit to allow him to meaningfully access the benefit of public street parking. The City denied his request. Gudkovich alleges that this denial was unreasonable because others have received permits in the meantime. Whether the City's denial of the accommodation was reasonable is a question that must be addressed in discovery. Thus, the City's motion to dismiss the ADA and Rehabilitation Act claims is denied.

## Conclusion

Therefore, the City's motion to dismiss [94] is denied in part in that Gudkovich's ADA and Rehabilitation Act claims will proceed. The motion is granted in part in that Gudkovich's other claims are dismissed. A status hearing is set for January 30, 2020, at which the parties should be prepared to set a discovery schedule.

ENTERED:

_Thomas M. Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: January 27, 2020